UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
GLENN HARVEY,

                Plaintiff,                              **REPORT AND RECOMMENDATION**
                                                                    20 CV 948 (PKC)(LB)

     -against-

PBH NETWORKS, INC.
*doing business as*
ALL THAT'S INTERESTING,

                Defendant.
----------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

        Plaintiff, Glenn Harvey, brings this action against PBH Networks, Inc., alleging copyright infringement pursuant to the Copyright Act of 1976 (17 U.S.C., § 101 *et seq.*) and violations of the Digital Millennium Copyright Act ("DMCA") (17 U.S.C. § 1202). Despite proper service of the summons and complaint, ECF No. 11, defendant has failed to plead or otherwise defend this action. The Clerk of Court noted entry of defendant's default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. ECF No. 13. Plaintiff now moves for a default judgment. ECF No. 14 ("Pl.'s Mot."). The Honorable Pamela K. Chen referred plaintiff's motion to me for a Report and Recommendation in accordance with 28 U.S.C. § 636(b). I respectfully recommend that plaintiff's motion for a default judgment should be granted in part and denied in part.

## BACKGROUND

        Plaintiff, who is based in the United Kingdom and does business in New York, is a professional photographer whose business consists of creating original photographs and licensing the right to reproduce photographs that he owns. ECF No. 1, Complaint ("Compl.") ¶ 7. One of plaintiff's photographs depicts English serial killer Peter Sutcliffe and is titled "GH_Peter_Sutcliffe-

1

The_Yorkshire_Ripper_04.jpg." Id. ¶ 8; Pl.'s Mot. at 4. Plaintiff alleges that defendant is displaying this photograph on its website, www.allthatsinteresting.com, without his authorization or consent. Compl. ¶ 10. By displaying the photograph, plaintiff alleges defendant has obtained direct and indirect profits that it would not otherwise realize but for the infringement of plaintiff's copyright. Id. ¶¶ 15, 16. On this basis, plaintiff seeks damages under the Copyright Act of 1976. Id. ¶ 18.

Plaintiff further claims that defendant violated the DMCA, 17 U.S.C. §1202, by removing and/or altering copyright management information "in the form of metadata" from plaintiff's photograph. Compl. ¶ 21. Plaintiff's complaint states that defendant distributed the photograph, within the meaning of the DMCA, with knowledge that copyright management information had been removed or altered. Id. ¶ 21.

Plaintiff seeks a default judgment in the amount of $37,844.00. Pl.'s Mot. at 4. This amount includes $30,000 in copyright damages, $2,500 in DMCA damages, attorney's fees of $4,884 and costs of $460. Id. at 7-9.

## PROCEDURAL HISTORY

Plaintiff commenced this action on February 21, 2020. ECF No. 1. On March 5, 2020, plaintiff served the summons and complaint on defendant through the New York Secretary of State pursuant to N.Y. Business Corporation Law § 306. ECF No. 11. Defendant failed to respond to the complaint. On April 16, 2020, the Clerk of Court noted entry of defendant's default pursuant to Federal Rule of Civil Procedure 55(a). ECF No. 13. Plaintiff now moves for a default judgment against defendant pursuant to Federal Rule of Civil Procedure Rule 55(b)(2). ECF No. 14.

## DISCUSSION

### I. LEGAL STANDARD[1]

Rule 55 of the Federal Rules of Civil Procedure establishes the two-step process for a plaintiff to obtain a default judgment. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). A plaintiff may then move for a default judgment against a defendant. Fed. R. Civ. P. 55(b)(2). If a defendant fails to appear or move to set aside the default under Rule 55(c), the Court may enter a default judgment on plaintiff's motion. Id. In light of the Second Circuit's "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95–96 (2d Cir. 1993) (citing Traguth v. Zuck, 710 F.2d 90, 94 (2d Cir. 1983)). "Accordingly, plaintiff is not entitled to a default judgment as a matter of right simply because a party is in default." Finkel v. Universal Elec. Corp., 970 F. Supp. 2d 108, 118 (E.D.N.Y. 2013) (citing Erwin DeMarino Trucking Co. v. Jackson, 838 F. Supp. 160, 162 (S.D.N.Y. 1993)).

On a motion for a default judgment, the Court "deems all the well-pleaded allegations in the pleadings to be admitted." Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 108 (2d Cir. 1997); see also Finkel, 970 F. Supp. 2d at 119. Even though the well- pleaded allegations are deemed admitted, the Court has a "responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." Rolls-Royce plc v. Rolls-Royce USA, Inc., 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010) (citing Au Bon Pain Corp. v. Artect, Inc., 653 F.2d

---

[1] Local Rule 55.2(c) requires a party moving for default judgment to mail all papers submitted with the motion to the defaulting party and file proof of mailing with the court. Plaintiff's motion papers include copies of emails sent to PBH Networks, Pl.'s Mot., Ex. G, and counsel's declaration states a copy of the "request for default judgment and a copy of this motion [was] . . . mailed to defendant at its registered address." Steger Decl. ¶ 16. A specific "Proof of Mailing" was not filed with the court. In the future, counsel shall file a specific proof of mailing to comply with the Local Rule. However, for the purpose of this Report, the Court acknowledges counsel's declaration and will consider plaintiff's motion on the merits.

61, 65 (2d Cir. 1981)). In other words, "[a]fter default . . . it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." Id. (internal quotation marks omitted) (quoting Leider v. Ralfe, No. 01-CV-3137(HB)(FM), 2004 WL 1773330, at *7 (S.D.N.Y. July 30, 2004)). If the unchallenged facts establish defendant's liability, the Court then determines the amount of damages due. Credit Lyonnais Secs. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic, 109 F.3d at 111).

## II.   LIABILITY

### A. COPYRIGHT INFRINGEMENT CLAIM

The Copyright Act generally provides a copyright holder with exclusive rights to copy, reproduce, or otherwise distribute a protected work. 17 U.S.C. § 106. The Act protects the interests of individual copyright owners by creating a private right of action for copyright infringement. Sheldon v. Plot Commerce, No. 15-CV-5885(CBA)(CLP), 2016 WL 5107072, at *10 (E.D.N.Y Aug. 26, 2016) report and recommendation adopted by 2016 WL 5107058 (E.D.N.Y. Sept. 19, 2016) (citing 17 U.S.C. § 106). Plaintiffs must establish two elements to succeed on a copyright infringement claim: (1) ownership of a valid copyright and (2) copying of constituent elements of a work that are original without proper authorization. See Feist Publications, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991). A United States Register of Copyrights certificate of registration "constitutes *prima facie* evidence of valid ownership of a copyright, although that presumption of ownership may be rebutted." Hamil Am., Inc. v. GFI, 193 F.3d 92, 99 (2d Cir. 1999). A defendant copies constituent elements of a plaintiff's work, violating the Copyright Act, where: "(1) defendant actually copies [a] plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectible elements of plaintiff's work." Hamil Am., Inc.,

4

193 F.3d 92, 99 (internal quotation marks omitted) (quoting Knitwaves, Inc. v. Lollytogs Ltd., 71 F.3d 996, 1002 (2d Cir. 1995)). The originality element for a copyrighted photograph may be based upon several different components including the photographs subject matter, lighting, and angle. Sheldon, 2016 WL 5107072, at *11 (quoting Eastern Am. Trio Prods. Inc. v. Tang Elec. Corp., 97 F. Supp. 2d 395, 417 (S.D.N.Y. 2000)). A copyright plaintiff satisfactorily alleges copying of a protected photograph, and violation of his exclusive rights, when he states that a defendant reproduced the copyrighted image without plaintiff's consent. See Korzeniewski v. Sapa Pho Vietnamese Rest. Inc., No. 17-CV-5721(MKB)(SJB), 2019 WL 312149, at *5 (E.D.N.Y. Jan. 3, 2019) report and recommendation adopted by 2019 WL 291145 (E.D.N.Y. Jan. 23, 2019).

Here, plaintiff establishes defendant's copyright infringement by adequately alleging both plaintiff's ownership of the copyright and defendant's unauthorized copying of the work. Plaintiff registered the photograph of Peter Sutcliffe with the United States Copyright Office on October 11, 2016 under registration number VA-2-020-432 approximately three years before defendant's alleged infringement. Compl. ¶ 8; Pl.'s Mot., Ex. A. Plaintiff's motion includes the certificate of copyright registration which constitutes *prima facie* evidence of his ownership of the copyright. See Hamil Am., Inc., 193 F.3d at 99. Plaintiff also satisfies the second element of a copyright violation by demonstrating that defendant, without authorization, copied constituent elements of the photograph that are original. Compl. ¶¶ 11, 15. Indeed, plaintiff's complaint includes a copy of his photograph and a screen grab from defendant's website showing plaintiff's photograph. Id. ¶¶ 8, 11. Plaintiff's declaration and the complaint make plain that even though plaintiff never granted defendant a license to use his photograph, defendant displayed the photograph on defendant's website and the photograph includes the same unique subject, angle, and lighting as plaintiff's original work. Id. ¶ 15; Harvey Decl. ¶ 5. Plaintiff therefore establishes defendant's infringement under the Copyright Act.

B. **DIGITAL MILLENNIUM COPYRIGHT ACT**

The DMCA provides, in relevant part:

> "No person shall, without the authority of the copyright owner or the law: (1) intentionally remove or alter any copyright management information; (2) distribute or import for distribution copyright management information knowing that the copyright management information has been removed or altered without authority of the copyright owner or the law, or; (3) distribute, import for distribution, or publicly perform works, copies of works, or phonorecords, knowing that copyright management information has been removed or altered without authority of the copyright owner or the law, knowing, or, with respect to civil remedies under § 1203, having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement…."

17 U.S.C. § 1202(b). In pertinent part, copyright management information ("CMI"), as defined by the statute, means any of the following information conveyed in connection with copies of a work:

> (1) The title and other information identifying the work, including the information set forth on a notice of copyright, (2) the name of, and other identifying information about, the author of a work, (3) the name of, and other identifying information about, the copyright owner of the work, including the information set forth in a notice of copyright ….

Id. § 1202(c). "Courts have applied this statute in a straightforward manner such that Plaintiff[] here need only allege (1) the existence of [Copyright Management Information] on the [work in question]; (2) removal and/or alteration of that information; and (3) that the removal and/or alteration was done intentionally." Sheldon, 2016 WL 5107072, at *13 (internal quotation marks omitted) (quoting BanxCorp v. Costco Wholesale Corp., 723 F. Supp. 2d 596, 609 (S.D.N.Y. 2010). In cases of default, where the factual allegations in a complaint are taken as true, plaintiff establishes liability under the DMCA by alleging that a photograph contained CMI which was removed by the defendant before display on the defendant's website. See Reilly v. Plot Commerce, No. 15-CV-05118 (PAE)(BCM), 2016 WL 6837895, at *6 (S.D.N.Y 2016).

Here, plaintiff's complaint establishes that defendant violated the DMCA. The complaint states that defendant "intentionally remov[ed] and/or alter[ed] the copyright management information, in the form of metadata, on the copy of at least one Subject Photograph, and distribut[ed]

6

copyright management information with knowledge that the copyright management information had been removed or altered without authority…." Compl. ¶ 21. These allegations are sufficient to establish defendant's liability. See Dermansky v. Telegraph Media, LLC, No. 19-CV-1149(PKC)(PK), 2020 WL 1233943, at *5 (E.D.N.Y Mar. 13, 2020) (citing Reilly, 2016 WL 6837895, at *6). Defendant is therefore liable for violating the DMCA and plaintiff is entitled to an award of damages.

### III.    DAMAGES

In connection with his Copyright Act claim, plaintiff requests the sum of $30,000, the maximum allowable amount of statutory damages. Pl.'s Mot. at 11 (citing 17 U.S.C. § 504(c)(2)). Plaintiff asks the Court to consider multiple factors in support of this request, including: (1) plaintiff's likelihood of success at trial; (2) prevention of defendant's unjust enrichment; and (3) deterrence of future infringement. Id. at 15-16. In addition, plaintiff requests statutory "damages of at least $2,500" for defendant's DMCA violation. Id. at 17.

#### A. STATUTORY DAMAGES UNDER THE COPYRIGHT ACT

Under the Copyright Act, an infringing defendant may be liable for either actual damages suffered by the copyright's owner or for damages prescribed by statute. 17 U.S.C. § 504(a). Before the entry of final judgment, the copyright owner may elect to recover statutory damages, in lieu of actual damages. Id. § 504(c)(1). An award of statutory damages, with respect to a single work, must be set by the Court in an amount between $750 and $30,000 to be determined "as the court considers just." Id. In cases where the Court finds the copyright infringement to have been willful, the Court can increase the award to up to $150,000. Id. § 504(c)(2) "It is well-established that district courts have broad discretion in setting the amount of statutory damages within the minimum and maximum amounts prescribed by the Copyright Act." Nat'l Football League v. PrimeTime 24 Joint

Venture, 131 F. Supp. 2d 458, 472 (S.D.N.Y. 2001) (citing Feltner v. Columbia Pictures Television, Inc., 523 U.S. 340, 345–46 (1998)); see also Engel v. Wild Oats, Inc., 644 F. Supp. 1089, 1091 (S.D.N.Y. 1986) ("The court takes up the task [of determining a just award] with the frank acknowledgment that its discretion on this subject is anything but narrow.")

> When determining the amount of statutory damages to award for copyright infringement, courts consider: (1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties.

Bryant v. Media Rights Prod., Inc., 603 F.3d 135 (2d Cir. 2010) (citing N.A.S. Imp. Corp. v. Chenson Enter., Inc., 968 F.2d. 250, 252-53 (2d Cir. 1992)). Although proof of loss suffered by plaintiff is unnecessary to claim statutory damages, the amount awarded should bear some relation to the damages suffered. See Dermansky, 2020 WL 1233943, at *5 (quoting Mantel v. Smash.com Inc., No. 19-CV-6113(FPG), 2019 WL 5257571, at *3 (W.D.N.Y. Oct. 17, 2019)); Korzeniewski, 2019 WL 312149, at *9.

A default judgment establishes a defendant's liability and the Court need only assess whether support exists for the damages sought. See Realsongs Universal Music Corp. v. 3A N Park Ave. Rest. Corp., 749 F. Supp.2d 81, 85 (E.D.N.Y. 2010) (citing Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992)). When damages do not lend themselves to easy tabulation, the District Court has wide discretion and may rely on affidavits and documentary evidence. Id. (citing Action S.A. v. Marc Rich and Co., Inc., 951 F.2d 504, 508 (2d Cir. 1989)). The "[p]laintiff gets the benefit of the doubt in applying the *Bryant* Court's factors because defendant's" failure to participate in the litigation inhibits plaintiff from providing the Court with information relevant to each factor. Dermansky, 2020 WL 1233943, at *5 (internal quotation marks omitted) (quoting Prokos v. Grossman, No. 19-CV-4028 (BMC), 2020 WL 729761, at *2 (E.D.N.Y. Feb 13, 2020)).

8

An infringing defendant's willfulness, even absent a demand for enhanced statutory damages, speaks to its state of mind and is an important factor for the Court's consideration. See Broad. Music, Inc. v. Prana Hosp., Inc., 158 F.Supp.3d 184, 197 (S.D.N.Y. 2016). Courts in this Circuit have held that copyright violations by defaulting defendants may be presumed willful. See Balhetchet v. Su Caso Mktg. Inc., No. 19-CV-4475(PKC)(SJB), 2020 WL 4738242, at *4 (E.D.N.Y. Aug. 14, 2020); Rovio Entm't, Ltd. v. Allstar Vending, Inc., 97 F.Supp.3d 536, 546 (S.D.N.Y. 2015) ("Copyright infringement is deemed willful by virtue of a defendant's default.") (citing All-Star Mktg. Grp., LLC v. Media Brans Co., 775 F.Supp.2d 613, 621-22 (S.D.N.Y. 2011)). Defendants working within the publishing industry may be presumed to possess knowledge about the copyright laws. Dermansky, 2020 WL 1233943, at *5 (citing Fallaci v. New Gazette Literary Corp., 568 F. Supp. 1172, 1173 (S.D.N.Y 1983)).

Here, plaintiff demonstrates defendant's willful infringement of his copyright which is implied by its default in this matter. Furthermore, plaintiff's counsel made multiple fruitless attempts to contact defendant and to gain its attention regarding this matter. In August 2019, prior to bringing this action, plaintiff's counsel sent a letter to defendant notifying it of its infringement and received no response. Steger Decl. ¶ 2. Afterward, plaintiff's copyrighted photograph remained on defendant's website. Id. After the commencement of this action, counsel contacted defendant via an email address listed on defendant's website to inform defendant of this suit. Id. ¶ 9. Counsel received a response that the email was undeliverable. Id. On April 20, 2020, counsel again attempted to contact defendant via email and again received no response. Id. ¶ 10. Plaintiff thus demonstrates the willful nature of defendant's violation; at a minimum defendant thoroughly disregarded plaintiff's rights. See Broadcast Music, Inc., 158 F.Supp.3d at 198 (finding willfulness when defendant failed to secure a license even after receiving numerous warnings from plaintiff about ongoing infringement).

The Court also considers that statutory damages serve not only to compensate a copyright owner but to deter future infringement by defendant and other parties. See Whitehead v. Mix Unit, LLC, No. 17-CV-9476(VSB)(JLC), 2019 WL 384446, at *4 (S.D.N.Y. Jan. 31, 2019) report and recommendation adopted by 2019 WL 1746007 (S.D.N.Y. Apr. 18, 2019); Realsongs Universal Music Corp., 749 F. Supp.2d at 87 ("[T]he Second Circuit has made it clear that statutory damages are designed not only to compensate injuries but also to discourage wrongful conduct.") (citing Yurman Design, Inc. v. PAJ, Inc., 262 F.3d 101, 113-14 (2d Cir. 2001)). Courts in this Circuit award damages larger than ordinary copyright licensing fees to further the goal of deterrence and put potential infringers on notice. Realsongs Universal Music Corp., 749 F. Supp.2d at 87 (citing Broad. Music, Inc. v. R Bar of Manhattan, Inc., 919 F. Supp 656, 660 (S.D.N.Y. 1996)); see also Seelie v. Original Media Grp. LLC, No. 19-CV-5643(BMC), 2020 WL 136659, at *4 (E.D.N.Y. Jan. 13, 2020) (citing Michael Greco Prods. V. Function(X), Inc., No. 18-CV-386(NRB), 2019 WL 1368731, at *4-5 (S.D.N.Y. 2019)). Statutory damages of three to five times the licensing fee an infringing defendant would have paid for the right to use a copyrighted work are routinely awarded. See Broad. Music, Inc., 158 F.Supp.3d at 199 n.12 (collecting cases demonstrating a pattern of recovery in copyright infringement cases of statutory damages which are three to five times licensing fees); Erickson Prods. v. Only Websites, Inc., No. 12-CV-1693(PGG)(KNF), 2016 WL 1337277, at *3 (S.D.N.Y. Mar. 31, 2016) ("In willful copyright infringement cases, 'trebling the licensing fee … is in line with the general approach taken by courts' in calculating statutory damages.") (citation omitted).

Here, although defendant's failure to participate in this litigation frustrates the Court's ability to assess all the factors to determine a just damages award, See Broad. Music, Inc., 158 F.Supp.3d at 198, the Court should award plaintiff $7,000, in statutory damages, a sum slightly over five times the licensing fee plaintiff would have been paid. Plaintiff's request for the maximum statutory damages of $30,000 greatly exceeds the customary award of statutory damages in a matter of this type.

10

Plaintiff provided the court with an invoice that shows he has previously licensed the photograph at issue for £1000, approximately $1,230 at the date of filing. Pl.'s Mot. at 16, Ex. C. His request of $30,000, for defendant's one act of infringement, is over twenty times higher than the previous licensing fee collected. Although the record in this matter supports a substantial award, an award of $7,000 will compensate plaintiff, punish defendant, and deter future infringement.

### B. STATUTORY DAMAGES UNDER THE DMCA

In pertinent part, the DMCA provides "[a]t any time before final judgment is entered, a complaining party may elect to recover an award of statutory damages for each violation of section 1202 in the sum not less than $2,500 or more than $25,000." 17 U.S.C. 1203(c)(3)(B). In considering a damages award under the DCMA, the Court should consider "the 'circumstances of the violation' and willfulness of the violation." Dermansky, 2020 WL 1233943, at *6 (internal quotation marks omitted) (quoting Mango v. BuzzFeed, Inc., 356 F. Supp. 3d 368, 378 (S.D.N.Y. 2019)).

In this case, plaintiff requests "at least $2,500," the minimum statutory damages award. Pl.'s Mot. at 16. As discussed *supra,* this case involves a willful, one-time act of infringement. Under these circumstances, a $2,500 award to plaintiff is appropriate.

### IV. ATTORNEY'S FEES AND COSTS

The Copyright Act provides that the Court "in its discretion may allow the recovery of full costs by or against any party [and] … the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. At the Court's discretion, the prevailing party in a case alleging a violation of § 1202 of the DMCA is also eligible for an award of attorney's fees. Sheldon, 2016 WL 5107072, at *17 (quoting 17 U.S.C. § 1203). In cases of willful copyright infringement, an award of attorney's fees is appropriate. See Peer Int'l Corp. v. Max Music & Ent.,

Inc., No. 03 CV 996, 2004 WL 1542253, at *5 (S.D.N.Y. July 9, 2004). When awarding fees, courts should consider "the non-prevailing party's frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case), together with the need in particular circumstances to advance considerations of compensation and deterrence." Sheldon, 2016 WL 5107072, at *18 (internal quotation marks omitted) (quoting Baker v. Urban Outfitters, Inc., 431 F. Supp. 2d 351, 360 (S.D.N.Y. 2006)). "Of these factors, 'objective reasonableness ... should be given substantial weight.'" Id. (quoting Zalewski v. Cicero Builder Dev., Inc., 754 F.3d 95, 108 (2d Cir. 2014)).

In calculating appropriate attorney's fees, the court must determine "the 'lodestar' amount, or the 'product of a reasonable hourly rate and the reasonable number of hours required by the case.'" Dermansky, 2020 WL 1233943, at *7 (quoting Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011)). The reasonable hourly rate should be consistent with the prevailing rates in the local legal community for similar work by lawyers of comparable experience and skill. Reilly, 2016 WL 6837895, at *12 (quoting Noble v. Crazetees.com, No. 13-CV-5086(PAE)(HBP), 2015 WL 5697780, at *9 (S.D.N.Y. Sept. 28, 2015)). The ordinary rates for attorneys in the Eastern District of New York are "'approximately $300-$450 per hour for partners, $200-$300 per hour for senior associates, and $100-$200 per hour for junior associates.'" Dermansky, 2020 WL 1233943, at *7 (quoting Rudler v. Houslander & Assocs., PLLC, No. 18-CV-7068 (SJF)(AYS), 2020 WL 473619, at *4 (E.D.N.Y. Jan. 29, 2020)). A $100 hourly fee for paralegals assisting with intellectual property cases has been found reasonable. See Musical Prods. Inc., v. Roma's Record Corp., No. 05-CV-5903(FB)(VVP), 2009 WL 3052630, at *10 (E.D.N.Y. Sept. 23, 2009) (citing Morin v. Nu-Way Plastering, No. 03-CV-405(LDW)(ARL), 2005 WL 3470371 (E.D.N.Y. Dec. 19, 2005)). In addition to ordinary rates, courts must also consider the complexity of a case, the time it requires, and any returns an attorney might expect from litigation. Sheldon, 2016 WL 5107072, at *18 (quoting Arbor Hill Concerned Citizens

Neighborhood Ass'n. v. Cty. Of Albany, 522 F.3d 182, 183 (2d Cir. 2008)). The Court should be mindful that cases of default are "relatively simple matters," but Courts can still take an attorney's skill in a specialized field into account. Id. at 19.

Here, plaintiff seeks $4,884.00 in attorney's fees and $460 in litigation costs. Pl.'s Mot. at 17-18; Steger Decl. ¶ 14. Plaintiff's counsel claims 8.4 hours at a $485 hourly rate for $4,074.50 and 8.1 hours for his paralegal at a rate of $100/hour for $810.00.[2] Steger Decl. ¶ 14. The costs requested include the complaint's $400 filing fee, $40 for service of process on the New York Department of State, and an additional $20 process service fee. Pl.'s Mot, Ex. H, at 3. In support of his fee request, counsel states that he has been in practice for 27 years and has focused on intellectual property for the past 10 years. Id. ¶ 13. Counsel is co-chair of the American Bar Association's Intellectual Property Litigation Committee and various New York City Bar intellectual property related committee memberships. Id. Last, he states he is "of counsel to the law firm Doniger/Burroughs." Steger Decl. ¶ 1.

Although counsel's credentials and experience are impressive, his hourly rate of $485 exceeds the accepted reasonable hourly rate in this District. See e.g. Dermansky, 2020 WL 1233943, at *7 (noting a reasonable rate of $300-$450 for law firm partners); United States v. City of New York, No. 07-CV-2067(NGG)(RLM), 2013 WL 5542459, at *6 (E.D.N.Y. Aug. 30, 2013) ("Recent opinions in this District suggest that reasonable hourly rates are 'approximately $300-450 for partners, $200-$325 for senior associates, and $100-$200 for junior associates.'") (quoting Bogosian v. All Am. Concessions, No. 06-CV-1633(RRM), 2012 WL 1821406, at *2-3 (E.D.N.Y. May 18, 2012)). The Court must also acknowledge the reality that this is a case of a simple default judgment. Sheldon, 2016

---

[2] Counsel's declaration states "the total fees claimed include 8.4 hours of my time (8.3 X $485/hour=$4,074)...." Steger Decl. ¶ 14. The Court is left to surmise that this misstatement is the result of either a typographical or arithmetic error. The Court takes notice that 8.3 X $485=$4,025.50. Counsel's records, provided along with plaintiff's motion, make plain that counsel meant to state that he spent 8.4 hours working on this case. Pl.'s Mot., Ex. H.

13

WL 5107072, at *18 ("[D]efault actions are relatively simple legal matters …."). The number of hours counsel expended in this case are reasonable, but his hourly fee is not. Plaintiff should be awarded attorney's fees based upon an hourly rate of $450 per hour, for a total of $3,780. Combined with the reasonable hourly rate of $100 for counsel's paralegal, totaling $810, plaintiff should be awarded attorney's fees totaling $4,590.

Court's often award reasonable litigation costs to prevailing parties. See Peer Int'l Corp., 2004 WL 1542253, at *6 (awarding attorney's fees and costs where plaintiff sufficiently documented costs by submission of contemporaneous time records listing disbursements and expenditures); see also Stevens v. Aeonian Press, Inc., No. 00-CV-6330(JSM), 2002 WL 31387224, at *4 (S.D.N.Y. Oct. 23, 2002) ("[A]n award of costs and attorney's fees is appropriate, and is in line with the statutory goals of compensation and deterrence.") (citing Kepner-Tregoe, Inc. v. Vroom, 186 F.3d 283, 289 (2d Cir. 1999)). Here, plaintiff's $460 litigation costs, as documented in counsel's records, are reasonable and should be awarded.

Therefore, plaintiff should be awarded $4,590 in attorney's fees and $ 460 in costs.

## CONCLUSION

Accordingly, I respectfully recommend that plaintiff's motion for a default judgment should be granted in part and denied in part. Plaintiff should be awarded $14,550, representing $7,000 in statutory damages under the Copyright Act, $2,500 in statutory damages under the DMCA, and $5,050 in attorney's fees and litigation costs. Plaintiff shall serve a copy of this Report on defendant and file proof of service forthwith.

**FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen days from service of this Report to file written objections. See Fed. R. Civ. P. 6. Such objections shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

                                                                                             /S/
                                                                                   LOIS BLOOM
                                                                          United States Magistrate Judge

Dated: October 6, 2020
         Brooklyn, New York